**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHRISTOPHER S. BARRY,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE INTERIOR,
　　　　　　Agency.

DOCKET NUMBER
DC-0752-14-0040-B-2

DATE: October 7, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Glenn H. Stephens, III</u>, Esquire, Falls Church, Virginia, for the appellant.

<u>Daniel T. Raposa</u>, Esquire, <u>Deborah Charette</u>, Esquire, <u>Rachel Wiedhaus</u>, and <u>Virginia Fritchey</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his alleged involuntary resignation appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The agency employed the appellant as the Director of its National Offshore Training and Learning Center (NOTLC) beginning in September 2011. *Barry v. Department of the Interior*, MSPB Docket No. DC-0752-14-0040-I-1, Initial Appeal File (IAF), Tab 1.[2] After receiving the final agency decision denying his equal employment opportunity (EEO) complaint, he timely filed an October 18, 2013 appeal in which he contended that the agency constructively

---

[2] The Board previously remanded this appeal to the regional office for a jurisdictional hearing because we found that the appellant had made nonfrivolous allegations that, if proven, could establish jurisdiction over his involuntary resignation appeal. *Barry v. Department of the Interior*, MSPB Docket No. DC-0752-14-0040-I-1, Remand Order (Sept. 5, 2014). The administrative judge dismissed the remanded appeal without prejudice to allow the agency to reassign the case to another attorney. *Barry v. Department of the Interior*, MSPB Docket No. DC-0752-14-0040-B-1, Remand Initial Decision (Feb. 10, 2015). In accordance with the administrative judge's instructions, the appeal was then automatically refiled. *Barry v. Department of the Interior*, MSPB Docket No. DC-0752-14-0040-B-2, Remand File, Tabs 1, 3.

discharged him, effective June 27, 2012, due to a hostile work environment and discrimination based on sex, sexual orientation, and EEO activity. IAF, Tabs 1, 10. The administrative judge, in an initial decision, dismissed the appeal for lack of jurisdiction, and we remanded it to the regional office for a jurisdictional hearing because we found that the appellant had made nonfrivolous allegations that, if proven, could establish jurisdiction over his involuntary resignation. *Barry v. Department of the Interior*, MSPB Docket No. DC-0752-14-0040-I-1, Remand Order (Sept. 5, 2014).

¶3       On remand, the administrative judge held a hearing and again dismissed the appeal for lack of jurisdiction, finding that the appellant failed to establish that the agency coerced his resignation by subjecting him to a hostile work environment. *Barry v. Department of the Interior*, MSPB Docket No. DC-0752-14-0040-B-2, Remand File (B-2 RF), Tab 22, Remand Initial Decision (RID) at 22. The administrative judge found that the witnesses who testified in support of the appellant were credible but that the appellant, despite his "clear, direct, and straightforward manner," was not credible because "key points of his testimony [were] either inherently improbable or contradicted by other record evidence." RID at 20.

¶4       For example, the administrative judge found that the coworkers who the appellant identified as using slurs involving his sexual orientation in December 2011 provided credible and unrebutted testimony that they did not make the alleged slurs and that they were unaware of his sexual orientation until after he filed his June 2012 EEO complaint. RID at 7, 20. In finding that the appellant's allegations in this regard were inherently improbable, the administrative judge also cited the appellant's consistent unwillingness to identify to his supervisors the coworkers whom he claimed he overheard making the slurs, as well as the credible testimony of several employees that they never heard anyone do so in their presence. RID at 7, 9-10, 12, 15, 18-20. Similarly, the administrative judge found the appellant's contention that employees had

maligned the NOTLC and were boycotting its programs was without support in the record and, in any event, did not constitute working conditions so intolerable that a reasonable person in the appellant's situation would have felt compelled to resign. RID at 7, 9-10, 12, 15, 19-20, 23.

¶5		In his petition for review, the appellant contends that the agency's representative intimidated his witnesses and that agency witnesses lied concerning whether the agency would either drop its investigation or pursue criminal charges against him if he resigned or stepped down. Remand Petition for Review (RPFR) File, Tab 1 at 4, Tab 2. He challenges the agency's investigation into his alleged misconduct and claims that the agency detailed him to work for the supervisor about whom he had complained. RPFR File, Tab 1 at 4-5. He argues that the administrative judge erroneously bifurcated the hearing and also improperly limited it to 1 day, preventing him from introducing testimony regarding his medical condition. *Id.* at 5. He further claims that the administrative judge improperly denied some of his witnesses and erroneously assessed the credibility of the testimony and the weight of the evidence before him. *Id.* at 5-6. The agency submits a detailed opposition to the appellant's petition for review, including excerpts from the hearing transcript, and the appellant replies in opposition to the agency's response. RPFR File, Tabs 8-10.[3]

---

[3] After the record on review closed, the appellant filed five motions for leave to file an additional pleading. RPFR File, Tabs 14, 17, 20, 27, 30. The Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response to a petition for review. 5 C.F.R. § 1201.114(a). For the Board to consider a party's pleading, other than one of those set forth above, the party must describe the nature and need for the pleading. 5 C.F.R. § 1201.114(a)(5). If a party wishes to submit a pleading after the record is closed, the party must show that the evidence is new, i.e., that it was not readily available before the record closed, and material. 5 C.F.R. § 1201.114(a)(5), (k). To the extent that the appellant's motions request to file supplemental pleadings to challenge the veracity of testimony in this appeal, RPFR File, Tab 14 at 1-2, Tab 20 at 4-5, Tab 30 at 4, we observe that evidence offered merely to impeach a witness's credibility, even if new, is not generally considered material evidence. *Setevage v. Department of Defense*, 77 M.S.P.R. 120, 124 (1997). To the extent that the appellant's motions request to file supplemental arguments concerning

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶6     Although the Board has jurisdiction to review an employee's removal under 5 U.S.C. §§ 7701 and 7512, its jurisdiction does not extend to an employee's resignation, which is presumed to be voluntary unless he establishes that the resignation was involuntary and, therefore, tantamount to a constructive removal. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1324 (Fed. Cir. 2006) (en banc); *see, e.g.*, *Freeborn v. Department of Justice*, 119 M.S.P.R. 290, ¶ 9 (2013). The employee bears the burden of proving involuntariness by a preponderance of the evidence and must, as a threshold matter, assert nonfrivolous allegations that, if proven, would establish the Board's jurisdiction. *See Garcia*, 437 F.3d at 1344; *see also* 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶7     One means by which an appellant may overcome the presumption of voluntariness is by showing that the resignation was obtained by agency misinformation or deception. *See, e.g.*, *Freeborn*, 119 M.S.P.R. 290, ¶ 9. When the employee alleges, as here, that the agency took actions that made working conditions so intolerable that the employee was driven to an involuntary resignation, the Board will find an action involuntary only if the employee demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's

the Board's interpretation of a case decided before the close of the record below, RPFR File, Tab 17, such arguments are not new. *Cf. Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (stating that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Concerning the appellant's motion to supplement his petition with allegations of a hostile work environment, although the appellant's motion to supplement his petition for review describes "continued harassment" by the responsible agency official and "continued bullying and threatening activity" by the agency's Office of the Solicitor, because this is an involuntary resignation appeal, to be relevant any such activity must have occurred before the resignation that is the subject of the appeal, which occurred not only before the close of the record but before the filing of the appeal. RPFR File, Tab 27 at 4-5. We accordingly DENY the appellant's motions for failure to satisfy the criteria for additional filings on review beyond those provided for in the Board's regulations. 5 C.F.R. § 1201.114(a)(5), (k).

position would have felt compelled to resign. *See, e.g.*, *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 20 (2007). To rebut the presumption of voluntariness, an employee must show that: (1) the agency effectively imposed the terms of his resignation; (2) the employee had no realistic alternative but to resign; and (3) the employee's resignation was the result of improper acts by the agency. *See, e.g.*, *Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1341 (Fed. Cir. 2001) (citing *Fruhauf Southwest Garment Co. v. United States*, 111 F. Supp. 945, 951 (Ct. Cl. 1953)); *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary resignation only insofar as those allegations relate to the issue of voluntariness. *Vitale*, 107 M.S.P.R. 501, ¶ 20.

¶8    We agree with the administrative judge that the appellant failed to establish jurisdiction over his involuntary resignation appeal. RID at 22-25. Although the administrative judge wrote that the appellant failed to allege that his resignation was the product of agency misinformation, RID at 22, the initial decision cites his testimony that his supervisor told him that if he resigned there would be no criminal charges filed against him, and the investigation would go away, RID at 8, 14, 21. Nevertheless, we agree with the administrative judge that the appellant failed to establish that his resignation was procured by agency misinformation or deception because the record shows that the appellant's supervisor acted quickly to disabuse the appellant of his mistaken impression that the agency offered to drop the allegations against him if he stepped down as Director of the NOTLC. RID at 21-22; B-1 RF, Tab 18 at 63; *see Shoaf*, 260 F.3d at 1341. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The administrative judge found that the appellant's testimony regarding this episode was not credible, and the appellant

fails to identify sufficient reasons on review for us to revisit the administrative judge's well-explained conclusions.  RID at 21.

¶9        We also agree with the administrative judge that the appellant failed to show that the agency imposed the terms of his resignation.  RID at 22-23; *see Shoaf*, 260 F.3d at 1341.  The administrative judge found that the record instead reflected that the appellant dictated the terms of his resignation in a series of email messages in May and June 2012 in which he defended his tenure as Director of the NOTLC and reiterated his contentions of a hostile work environment.  B-1 RF, Tab 10 at 130-32.  Moreover, the administrative judge correctly notes that the evidence shows that the appellant not only selected the date of his resignation but that he also subsequently changed it, announcing in his June 22, 2012 email that he would resign effective immediately rather than wait until June 30, 2012, as he had notified the agency in May.  *Id.*; RID at 22-23.

¶10       We further agree with the administrative judge that the appellant failed to show that a reasonable person in his position would have no realistic alternative but to resign.  RID at 23-24.  The appellant could have continued to pursue his EEO matter or waited for the outcome of the agency's investigation into whether he had created a hostile working environment for some of his subordinates at the NOTLC, but he decided to resign instead.  To be sure, the appellant does not describe circumstances that are easy to abide, and, although the agency had not proposed an adverse action, one certainly could have resulted from the circumstances presented.  Nevertheless, the fact that an employee is faced with the unpleasant choice of either resigning or opposing a potential removal action does not rebut the presumed voluntariness of his ultimate choice of resignation.  *Schultz v. United States Navy*, 810 F.2d 1133, 1136-37 (Fed. Cir. 1987).  Moreover, the administrative judge specifically based his determination on the testimony before him, and the appellant identifies no sufficiently sound reason in his petition for review to discount the administrative judge's well-explained,

demeanor-based credibility determinations. RID at 23-24; *Haebe*, 288 F.3d at 1301.

¶11 We also agree with the administrative judge that the appellant failed to show that his resignation was the result of improper acts by the agency. RID at 24-25. Although the appellant complains on review about the agency's investigation into a subordinate's claim that he fostered a hostile work environment, RPFR File, Tab 1 at 4-6, the administrative judge considered the agency's reasons for conducting the investigation and did not find it was improper or unjustified, RID at 13, 16-18. The appellant also failed to show that the agency promised him that it would drop the investigation if he stepped down, and as the administrative judge observed, the first instance of any discussion of resignation came from the appellant himself, not the agency. RID at 24; B-1 RF, Tab 10 at 130-32. Further, regarding this claim, the record reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility. ID at 3-5; *see, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶12 As for the appellant's contention on review that the agency's representative intimidated his witnesses, the appellant fails to identify any evidence in support of his assertion. RPFR File, Tab 1 at 4. Moreover, the record does not reflect that the appellant raised this argument below. The record similarly reflects that the appellant failed to object below to the administrative judge's denial of some of his requested witnesses. *See, e.g.*, *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (finding that the appellant's failure to timely object to rulings on witnesses precludes his doing so on petition for review). The appellant also fails to support his contention that certain witnesses lied under oath and therefore

fails to provide sufficient reason for us to revisit the administrative judge's demeanor-based credibility findings concerning those witnesses. RID at 19-21; *see Haebe*, 288 F.3d at 1301. Regarding the bifurcation of the hearing and the administrative judge's decision to limit the hearing to 1 day, such decisions are committed to the considerable discretion of the administrative judge, and bifurcation is an appropriate means of adjudication in cases like this where the issue of jurisdiction is dispositive. *See, e.g.*, *Stein-Verbit v. Department of Commerce*, 72 M.S.P.R. 332, 339-40 (1996). The appellant fails to show that the administrative judge abused his considerable discretion in this regard.

¶13    Accordingly, we affirm the initial decision finding that the appellant failed to establish jurisdiction over his involuntary resignation appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).    If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.